Case 3:25-mj-00008   Document 10   Filed on 06/25/25 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
June 25, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| V. | § | CASE NO. 3:25-mj-00008-1 |
| | § | |
| JEREMIAH MICAHL MITCHELL | § | |

## OPINION AND ORDER

Defendant Jeremiah Micahl Mitchell is facing criminal charges in the Del Rio Division of the United States District Court for the Western District of Texas. Mitchell was released on bond on October 7, 2024, by Judge Joseph Cordova. Mitchell is being supervised by the United States Probation Office in Galveston.

The conditions of release require Mitchell to, among other things, refrain from the use of any unlawful narcotic drug. The Government alleges that Mitchell violated this condition by providing a urinalysis sample that tested positive for cannabinoids. *See* Dkt. 1 at 1.

On May 29, 2025, an arrest warrant was issued to have Mitchell brought before a judicial officer for allegedly violating the terms of his pretrial release. I held an initial appearance on June 23, 2025. Mitchell requested a detention hearing. That detention hearing was held on June 25, 2025.

To begin, I note that the arrest warrant states: "NO BOND." Dkt. 2 at 1. My initial assumption was that this language tied my hands and that I would be required to order Mitchell be held in custody pending a final hearing on the alleged pretrial release violation. Defense counsel has directed me to authority that indicates otherwise. A magistrate judge in an arresting district is authorized to hold a detention hearing and, if appropriate, to set conditions of release. *See* Fed. R. Crim. P. 40. A magistrate judge "may modify any previous release or detention order issued in another district, but must state in writing the reasons for doing so." Fed. R. Civ. P. 40(c). There is simply no such thing as a "no bond" warrant under the Federal Rules of Criminal Procedure. "[T]he concept that the judge in a

prosecuting district could simply preclude the magistrate judge in an arresting district from making the very detention decision Congress authorized under Rule 40, by writing two words on a warrant, is illogical." *United States v. Fellows*, No. 1:21-mj-0314, 2021 WL 3025741, at *4 (N.D.N.Y. June 23, 2021); *see also United States v. Thomas*, 992 F. Supp. 782, 786 (D.V.I. 1998) ("In view of this history, an endorsement of 'no bail' on a warrant via Rule 9(b)(1) cannot be used to circumvent the mandate of Rules 5 and 40 that the magistrate judge in the arresting district conduct a release hearing under the Bail Reform Act and either set conditions for the defendant's release or detain the defendant.").

    Having cleared that hurdle, I must determine whether release is appropriate pending a final hearing in Del Rio on Mitchell's pretrial release violation. I find that Mitchell has presented clear and convincing evidence that he is not a flight risk or danger to the community. Other than the underlying offense at issue in this case, Mitchell has no criminal history. Mitchell has been on bond since October 2024 and this one drug test is the only alleged pretrial violation. Mitchell has been tested for drugs since and no positive tests have been reported. Mitchell's family has pledged that they will ensure that he appears at the final pretrial release violation hearing in Del Rio. No evidence presented to me suggests otherwise.

    Therefore, I order Mitchell released from custody pending his final pretrial release hearing in Del Rio. Mitchell is ordered to continue to comply with the conditions of his release imposed on October 7, 2024.

    SIGNED this 25th day of June 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE